# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Riess, | No. CV 09-2185-PHX-RCB (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Kristine Brisson, et al., | |
| Defendants. | |

Plaintiff Richard Riess, who was then-confined in the Eloy Detention Center (EDC) in Eloy, Arizona, filed a *pro se* civil rights Complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which was superceded by the filing of a First Amended Complaint. (Doc.# 1, 4.) In an Order filed January 20, 2010, the Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc.# 9.) In the same Order, the Court dismissed the First Amended Complaint and this action pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). (<u>Id.</u>) Copies of the order were returned undeliverable on February 1, 2010. (Doc.# 11.) On March 1, 2010, Plaintiff filed a notice of change of address reflecting that he had been transferred to the custody of the Maricopa County Sheriff on a warrant for failure to appear.[1] (Doc.# 12.) Plaintiff has filed a request for a declaration

---

[1] Plaintiff states that he failed to appear in Maricopa County Superior Court because the Sheriff's office had transferred him to the custody of ICE. ICE has again transferred him to the custody of the Sheriff's office and Plaintiff states he remains subject to an immigration detainer.

that he is proceeding *pro se* in this case, because Sheriff's office personnel require an order before Plaintiff will be afforded access to Inmate Legal Services (ILS). (Doc.# 13.) The Court will grant that request. Plaintiff has also filed motions for appointment of counsel and to clarify the Order filed on January 20, 2010. (Doc.# 15, 16.) The motion to clarify will be granted to the extent set forth below and the motion for appointment of counsel will be denied.

**I.    Request for Order Declaring Plaintiff's *In Forma Pauperis* Status**

Plaintiff has filed a request asking the Court to clarify in an Order that he has been granted leave to proceed *in forma pauperis*. (Doc.# 13.) Plaintiff was granted *in forma pauperis* status in connection with this action in the Order filed on January 20, 2010. The Court will grant Plaintiff's request.

**II.   Motion for Appointment of Counsel**

Plaintiff asks the Court to appoint counsel in this matter because it is complex, he has been repeatedly transferred between federal and state custody and denied access to his legal files, and state officials refuse to provide him access to indigent legal services, such as copying and postage for legal mail. Counsel is only appointed in a civil rights action in "exceptional circumstances." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331; see Agyeman, 390 F.3d at 1103; Terrell, 935 F.2d at 1017. This case has been dismissed pursuant to Heck v. Humphrey as not yet accrued and judgment entered. The Court declines to appoint counsel where the action has been dismissed. If Plaintiff seeks the appointment of counsel in another case, he must file a motion in that case. Plaintiff's motion will be denied.

**III.     Motion for Clarification**

The Court dismissed this action pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff seeks clarification of the January 20, 2010 Order, doc.# 9, regarding when his civil rights claims accrue under Heck. Plaintiff's motion will be granted. As indicated in the Court's Order dismissing this case, Plaintiff's claims for damages in this action will not accrue under Heck, unless or until he prevails in his immigration proceedings or he is granted habeas relief pursuant to 28 U.S.C. § 2241. See Contreras v. Schiltgen, 122 F.3d 30, 32-33 (9th Cir. 1997) (until plaintiff successfully overturned state conviction, former Immigration and Naturalization Service was entitled to rely on conviction as basis for custody and eventual deportation), aff'd on add'l grounds Contreras v. Schiltgen, 151 F.3d 906 (9th Cir. 1998).

**IT IS ORDERED:**

(1)     Plaintiff's motion to declare that Plaintiff is proceeding *in forma pauperis* in this case is **granted**. (Doc.# 13.) Plaintiff was granted *in forma pauperis* status in this case in an Order filed January 20, 2010, doc.# 9.

(2)     Plaintiff's motion for appointment of counsel is **denied**. (Doc.# 15.)

(3)     Plaintiff's motion for clarification of the January 20, 2010 Order, doc.# 9, is **granted** to the extent set forth herein. (Doc.# 16.)

Dated this 2nd day of April , 2010 .

_____
Robert C. Broomfield
Senior United States District Judge